## BRILL et al. v. PECKHAM MOTOR TRUCK CO.

(Circuit Court, S. D. New York. December 3, 1900.)

PATENTS—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where infringement appears, under the construction placed on the claims of complainant's patent in a prior suit in the same court, and no new questions affecting the validity of the patent are raised, complainant is entitled to a preliminary injunction.

In Equity. Suit for infringement of a patent. On motion for preliminary injunction.

Francis Rawle, Joseph L. Levy, and Frederick P. Fish, for the motion.

Henry P. Wells, opposed.

LACOMBE, Circuit Judge. The only question presented is whether defendant's structure infringes. That involves the construction of the claims declared on, and, for the purposes of this motion, the construction already adopted by this court on final hearing in the Third Ave. Case (103 Fed. 289) should be followed; for there is no prior patent, no prior use, proved here, which was not before Judge Shipman. It is true that in that case the defendant's device was a much closer copy than the one now under consideration, containing, as it did, the feature that the spiral springs came first into play, and the further feature of depending caps, in which the leaves of the elliptical springs play vertically. But the court most carefully indicates that the leading feature of the invention lies outside of these details; that the "gist of the invention consists in combining with the frames of the truck and the spiral springs other springs, viz. elliptical springs, between the car body and the extensions of the independent

frame,"—the object being to break the rhythm of the springs, and thus do away with the galloping or rocking motion. The defendant here insists that there is no rhythm broken,—indeed, that there is no rhythm to break,—and that the combination of the quotation does not do away with the galloping motion. On those points, however, this court should follow the earlier decision. There are additional rods, and also spirals, below the frame, which apparently in defendant's structure do their share in eliminating galloping; but the combination which Judge Shipman described as the gist of the invention is undoubtedly in defendant's structure, and, under well-settled rules of practice, complainant is entitled to a restraining order until final hearing.